IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOSE NAHUN CORRALES-          )
UMANZOR,                      )
                             )
        Petitioner,           )
                             )
v.                            )        Case No. CIV-26-180-JD
                             )
SCARLET GRANT, Warden,        )
Cimarron Detention Center, et )
al.,                          )
                             )
        Respondents.          )

## ORDER

On March 13, 2026, the Court ordered Petitioner's counsel, Eliyahu Yuli Kaplunovsky, to associate with local counsel or seek waiver of the local counsel requirement under LCvR83.3(c) and file an entry of appearance in this proceeding by **March 13, 2026,** or the Court would deem him withdrawn from representing Petitioner. *See* Doc. 10, at 1. On March 12, 2026, Mr. Kaplunovsky entered an appearance in the above-captioned case. Doc. 11.

On March 13, 2026, counsel filed a reply to the Court's order, in which he explained that he had "reviewed the rules and had tried complying with the rule by reaching out to local attorneys within [the] [Western] District, but so far no local attorney has consented or agreed to act as co-counsel." Doc. 12, at 1. He states that based on "rule 83.3, counsel unfortunately does not have the resources to pay for local counsel, and since he does not meet the residency

requirements, he cannot represent these clients based on the local rule, even though he wishes to." *Id.* at 2. He now seeks to withdraw from representation, "so that [his] client may still proceed on his habeas petition pro se." *Id.*[1]

The Court cannot allow Mr. Kaplunovsky to withdraw from representing Petitioner at this time. "Whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *Stair v. Calhoun,* 722 f. Supp. 2d 258, 264 (E.D.N.Y. 2010) (internal quotation marks omitted).

Under Western District of Oklahoma Local Civil Rule (LCvR) 83.5, "[i]n civil cases, attorneys of record shall not withdraw from the case except by leave of the judge to whom the case is assigned, **upon reasonable notice to the client** and all other parties who have appeared in the case." LCvR83.5 (emphasis added). Based on Mr. Kaplunovsky's representation, the Court has no assurances that his client has received notice that he wishes to withdraw from representation.

"Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which

---

[1] The undersigned notes Counsel's filing is titled as a reply to the order, but what he seeks in effect is leave from the Court to withdraw, so the undersigned will treat Counsel's "reply" as a motion.

withdrawal will delay the resolution of the case." *Bohnert v. Burke*, 2010 WL 5067695, at*1 (D. Ariz. Dec. 7, 2010).

In support of his withdrawal request, Mr. Kaplunovsky cites an inability to afford local counsel. Doc. 12, at 2. Western District of Oklahoma Local Rule (LCvR) 83.3(c) provides that the Court may grant waiver from local counsel requirement "upon motion establishing financial hardship, special qualifications of non-resident counsel, or other good cause, provided that out-of-state counsel certifies familiarity with the local civil court rules." So, the undersigned finds Petitioner has established good cause due to financial hardship.

The undersigned also finds that allowing counsel to withdraw would create an injustice and cause undue delay in Petitioner's habeas proceedings. *Gong v. City of Alameda*, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) ("an attorney's request to withdraw should be denied where such withdrawal would work an injustice or cause undue delay in the proceeding.") (internal quotations omitted). Counsel states that he started representing Petitioner after "one of his current clients was arrested and detained by [Immigration and Customs Enforcement (ICE)], and this individual client informed [him] that no attorneys were available to file habeas petitions within his block of the detention center. Based on that information, it prompted [him] to apply for admission and file several habeas petitions on behalf of clients." Doc. 12, at 2.

3

Petitioner has been detained since at least July 2025. Doc. 1, at 4. If counsel's request was granted, Petitioner (and counsel's other current clients in this Court) would suddenly have to proceed pro se in a habeas proceeding involving complex immigration statutory and regulatory issues or seek new counsel for an already ongoing habeas proceeding.

For all the reasons above, the undersigned denies Mr. Kaplunovsky's request to withdraw from representation and will waive the requirement of association of local counsel per LCvR83.3(c). The undersigned also directs counsel to file a certification with familiarity with the local civil court rules within 14 days of this order.

**SO ORDERED** this 25th day of March, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4