# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSE NAHUN CORRALES-UMANZOR,      )
                             )
              Petitioner,         )
                             )
v.                            )      Case No. CIV-26-00180-JD
                             )
SCARLET GRANT, et al.,[1]        )
                             )
           Respondents.    )

## ORDER

Petitioner Jose Nahun Corrales-Umanzor ("Petitioner") is a citizen of Honduras who entered the United States in April 2021 without inspection. [Doc. No. 1 ¶¶ 1, 16–17]; [Doc. No. 9 at 2].[2] The Department of Homeland Security released him on an order of supervision and initiated removal proceedings. [Doc. No. 1 ¶ 17]. Immigration and Customs Enforcement ("ICE") re-detained Petitioner following a check-in, and he is in custody at the Cimarron Correctional Facility. [Doc. No. 1 ¶¶ 11, 17].

Now before the Court is his Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1]. Respondents filed a Response in Opposition. [Doc. No. 9]. Petitioner did not file a substantive reply.[3] The Court referred the matter to United States Magistrate Judge

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Markwayne Mullin as Secretary of Homeland Security and Todd Blanche as Acting Attorney General for Kristi Noem and Pamela Bondi, respectively.

[2] Citations to the parties' filings use ECF designations from the top of district court filings for both page numbers and exhibit numbers.

[3] On March 13, 2026, Petitioner's counsel filed a document captioned "Reply to Order," in which he stated he had been unable to associate local counsel and asked to be

Suzanne Mitchell, who submitted a Report and Recommendation ("First R. & R.") [Doc. No. 17], and then later an Amended Report and Recommendation ("Amended R. & R.") [Doc. No. 20] (collectively, the "R. & Rs."). To the First R. & R., Respondents filed Objections to the Report and Recommendation ("Objections") [Doc. No. 18]. To the Amended R. & R., Respondents have filed a Motion for Clarification or, in the Alternative, Staying Deadline for Objection [Doc. No. 21].[4] For the reasons stated below, the Court DECLINES TO ADOPT either Report and Recommendation, DISMISSES the Petition without prejudice but with leave to amend, and DENIES the Motion for Clarification as moot.

---

"withdrawn as attorney of record, so that the client may still proceed on his habeas petition pro se." [Doc. No. 12 at 2]. Judge Mitchell denied the request to withdraw from representation of Petitioner and waived the requirement of local counsel under Local Civil Rule 83.3(c). [Doc. No. 13 at 4]. Petitioner later filed a letter expressing his interest to proceed pro se [Doc. No. 14], and Judge Mitchell struck the letter as the Court does not act on correspondence [Doc. No. 16].

[4] Judge Mitchell first issued a Report and Recommendation recommending that the Petition be granted on a regulatory-violation theory under 8 C.F.R. § 241.13(g)–(i) and § 241.4(d). [Doc. No. 17 at 5–7, 9 & n.7]. After Respondents filed timely Objections [Doc. No. 18], Judge Mitchell sua sponte vacated the First R. & R. and issued an Amended R. & R. recasting Count One under 8 U.S.C. § 1226(a) and the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319 (1976). [Doc. No. 20 at 1 n.2, 4–11]. Respondents then moved for clarification of which Report is operative and, in the alternative, for a stay of the objection deadline pending the Tenth Circuit's decision in *Quiroz v. Mullin*, No. 26-6019 (10th Cir.) (argued May 12, 2026). [Doc. No. 21 at 4, 13–14]. Respondents note that the First R. & R. terminated the referral to Judge Mitchell, *see* [Doc. No. 17 at 12], and they question her authority to file the Amended R. & R. under the circumstances, *see* [Doc. No. 21 at 2–12]. Given its disposition below, the Court does not reach this issue.

## I.     LEGAL STANDARDS

When a magistrate judge issues a report and recommendation on a dispositive motion, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party may serve and file specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the magistrate judge's report. Fed. R. Civ. P. 72(b)(2). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). That the district judge performs a "de novo determination" does not mandate additional or repeat evidentiary hearings. *United States v. Raddatz*, 447 U.S. 667, 674 (1980). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The writ of habeas corpus is available to those held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And § 2241(c)(3) generally gives district courts jurisdiction over challenges to the legality of an alien's detention. *Rasul v. Bush*, 542 U.S. 466, 483 (2004); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

3

## II.    <u>ANALYSIS</u>

The First R. & R. and Amended R. & R. [Doc. Nos. 17, 20] resolve the Petition on legal theories that Petitioner, who appears through counsel, did not plead. The proper disposition is dismissal without prejudice so that Petitioner may file a petition that complies with Rule 2(c) of the Rules Governing Section 2254 Cases ("Habeas Rules").[5]

A petitioner "is the master of his complaint." *Bledsoe v. Vanderbilt*, 934 F.3d 1112, 1119 (10th Cir. 2019) (citation omitted); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (recognizing that "[t]he rule makes the plaintiff the master of the claim"). The Tenth Circuit has held that it would "contravene" this standard to "read between the lines of [a litigant's] complaint to discern the conduct that should *really* be at issue." *Bledsoe*, 934 F.3d at 1119. The Court cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Nor may it "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Rather, "our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief. . . . Courts are essentially passive instruments of government.

---

[5] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

They do not, or should not, sally forth each day looking for wrongs to right. . . . courts normally decide only questions presented by the parties." *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (citation modified).

These principles have heightened force in the habeas context. "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Unlike Federal Rule of Civil Procedure 8(a), which calls only for "a short and plain statement of the claim," Habeas Rule 2(c) "is more demanding" and requires the petition to "'specify all the grounds for relief available to the petitioner'" and "'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Rule 2(c), Rules Governing Section 2254 Cases). It "demand[s] that habeas petitioners plead with particularity." *Id.* at 656. And the principle has particular force where the petitioner is represented by counsel: counsel's pleading choices bind the represented party.

Respondents argue that the First R. & R. "is premised on violations of regulations not alleged by Petitioner," that the Petition cites none of the regulations the R. & R. invokes, and that the Court "may not substitute its pleading choices for Petitioner's." [Doc. No. 18 at 2, 10]. They make the same point about the Amended R. & R.: "[a]s with the [F]irst R&R, the Amended R&R is built around claims not alleged by Petitioner, a represented party." [Doc. No. 21 at 3]. They contend that the Petition nowhere cites 8 U.S.C. § 1226 or the regulations the Amended R. & R. addressed. [Doc. No. 21 at 13].

On careful review, the Court concludes that the Petition does not plead the claims either R. & R. adjudicates and does not plead claims complying with Habeas Rule 2(c).

The Petition invokes the canonical habeas statutes, the Fifth Amendment generally, the Immigration and Nationality Act generally, and 8 U.S.C. § 1231 in connection with *Zadvydas*. *See generally* [Doc. No. 1]. It does not cite 8 U.S.C. §§ 1225–1226, 8 C.F.R. §§ 236.1, 241.13, or 241.4. *See id.* As Respondents correctly note, "the word *regulation* does not appear in the Petition, nor does the term *regulatory violation*." [Doc. No. 18 at 5]. By its own terms, Count One alleges only that "[t]he failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process," tied to the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*. [Doc. No. 1 ¶¶ 2, 19].[6]

The First R. & R., however, addresses a claim the Court reads as distinct from the one pleaded: namely, that "ICE violated Petitioner's procedural due process rights by revoking his OOS without following its own regulations," specifically those at 8 C.F.R. § 241.13(g)–(i) and 8 C.F.R. § 241.4(d). [Doc. No. 17 at 4–7, 9 & n.7]. The Amended R. & R. proceeds on a further distinct theory: that Respondents "violated the Immigration and Nationality Act (INA) when ICE revoked Petitioner's release" under 8 U.S.C. § 1226(a), and that they violated due process under the *Mathews v. Eldridge* balancing framework. [Doc. No. 20 at 5–11]. Both formulations would require the Court to evaluate statutory, regulatory, and constitutional standards the Petition does not invoke. *Bledsoe*,

---

[6] This contention is also conclusory and vague as it declines to pinpoint the locus of a lack of neutral decisionmaker. Section 1225(b)(2)(A) provides for full removal proceedings under 8 U.S.C. § 1229a, which contemplates proceedings in front of an immigration judge.

934 F.3d at 1119. The Court declines that path. Adopting either R. & R. on its own terms would "construct a legal theory on [the petitioner's] behalf." *Whitney*, 113 F.3d at 1174. The master-of-claim doctrine, the party-presentation doctrine, and the heightened-pleading requirement of Habeas Rule 2(c) counsel against that course.[7]

The Court therefore need not reach the alternative grounds for dismissal raised in Respondents' Response [Doc. No. 9] or Objections [Doc. No. 18], nor does it reach the question of procedural authority raised by Respondents' Motion for Clarification [Doc. No. 21].[8]

The same pleading defect dictates the disposition of Count Two. Neither R. & R. reached Count Two, which alleges a substantive due process violation. [Doc. No. 1 ¶¶ 21–22]; *see* [Doc. No. 17 at 11 n.8]; [Doc. No. 20 at 12–13]. The Petition pleads Count Two only on its asserted *Zadvydas*-style § 1231 framing; it identifies no other theory. Even construed as an independent challenge to executive conduct, Count Two fails because the Tenth Circuit applies the "shocks-the-conscience" standard to substantive due process claims directed at executive action. *Maehr v. U.S. Dep't of State*, 5 F.4th 1100, 1117 (10th Cir. 2021). The Petition pleads no facts that approach that standard, nor does

---

[7] Other courts in this district have reached analogous conclusions. *See Dusabe v. Jones*, No. CIV-24-464-SLP, 2024 WL 5465749 (W.D. Okla. Aug. 27, 2024), R. & R. adopted, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025) (declining to consider regulatory theory raised for the first time in objections to magistrate judge's R. & R.).

[8] Respondents' alternative request for abatement pending *Quiroz* is grounded in the assumption that the Amended R. & R.'s § 1226 analysis is operative. Because the Petition is dismissed on threshold pleading grounds wholly independent of any question *Quiroz* may resolve, abatement is unwarranted at this time.

Petitioner direct the Court to the standard's application in this case. The Court dismisses Count Two without prejudice on the same pleading grounds as Count One.

Because the Petition does not plead the legal theories on which either R. & R. relies, because the Court may not construct unpleaded theories on a petitioner's behalf, and because the Petition does not satisfy Habeas Rule 2(c), the Court dismisses the Petition without prejudice to the filing of a properly pleaded petition that complies with the heightened pleading requirements of Habeas Rule 2(c).

Because of the procedural posture of this action, the Court allows Petitioner an opportunity to file an amended petition within 14 days of this Order or by June 16, 2026. Specifically, Petitioner, though counseled, did not have an opportunity to respond to Respondents' Objection to the First R. & R. before the Amended R. & R. was filed, *see* [Doc. No. 19], and Petitioner did not have an opportunity to respond to Respondents' Motion for Clarification on the Amended R. & R. before the Court entered this Order, *see* LCvR7.1(g). Moreover, dismissal for failure to meet a pleading standard is without prejudice to refiling, so no prejudice occurs to Respondents. Finally, the Court sees no indication of "undue delay, bad faith or dilatory motive" on the part of the Petitioner. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). For these reasons, the Court will sua sponte grant leave to amend.

## III.    CONCLUSION

The Court respectfully REJECTS the Report and Recommendation [Doc. No. 17] and the Amended Report and Recommendation [Doc. No. 20]. The Court further DISMISSES WITHOUT PREJUDICE the Petition for Writ of Habeas Corpus [Doc. No.

8

1], DENIES AS MOOT Respondents' Motion for Clarification or, in the Alternative, Staying Deadline for Objection [Doc. No. 21], and GRANTS LEAVE TO AMEND within 14 days of this Order, or by June 16, 2026. Should Petitioner not file an amended petition by June 16, 2026, the Court will promptly enter its judgment dismissing this habeas action without prejudice to refiling.

IT IS SO ORDERED this 2nd day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE