## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSE NAHUN CORRALES-UMANZOR,    )
                                      )
            Petitioner,    )
                                        )
v.    )    Case No. CIV-26-00180-JD
                                        )
MARKWAYNE MULLIN, et al.,    )
                                      )
            Respondents.    )

## <u>ORDER</u>

Before the Court are Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 23] and Respondents' Response [Doc. No. 25].[1] Respondents' Response followed the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). While they reserve their appellate rights on the legal issue presented regarding the application of 8 U.S.C. § 1226(a) or § 1225(b)(2)(A), Respondents concede that *Santillan Quiroz* controls this Court's decision in this habeas action. *See* [Doc. No. 25 at 5–6] ("The Federal Respondents contend that Petitioner is held pursuant to 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, but the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, --- F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026), compels a different outcome.").[2]

---

[1] The Court does not view the optional reply as necessary to reach a ruling, and in the interest of party resources and judicial economy, promptly issues this Order following Respondents' Response.

[2] The Court uses page numbering from the CM/ECF stamp at the top of the district court docket filing.

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Amended Petition by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

Consequently, the Court GRANTS the Amended Petition [Doc. No. 23] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13. A separate judgment will follow.

IT IS SO ORDERED this 7th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2