**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE NAHUN CORRALES-UMANZOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00180-JD |
| | ) | |
| CHRIS GANTT, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Jose Nahun Corrales-Umanzor ("Petitioner") filed a pro se Motion for Reconsideration of Bond Determination. ("Motion") [Doc. No. 28]. Respondents filed a Response in Opposition. [Doc. No. 29].

Petitioner is represented by counsel in this matter. [Doc. No. 11]. Counsel for Petitioner has not withdrawn as required by the Local Civil Rules. *See* LCvR83.5 (providing, among other requirements, that in civil cases, "attorneys of record shall not withdraw from the case except by leave of the judge to whom the case is assigned, upon reasonable notice to the client and all other parties who have appeared in the case"). Moreover, while 28 U.S.C. § 1654 allows a party to proceed pro se, Federal Rule of Civil Procedure 11(a) is disjunctive in stating that "[e]very . . . written motion . . . must be signed by at least one attorney of record . . . *or* by a party personally *if* the party is unrepresented." (emphasis added); *see also* [Doc. No. 29 at 2]. A party does not have a right to dual representation. *Cf. United States v. Sandoval-De Lao*, 283 F. App'x 621, 625

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Chris Gantt as Warden of Cimarron Correctional Facility for Scarlet Grant.

(10th Cir. 2008) (unpublished) ("[W]hen [parties] have the assistance of counsel, courts need not consider any filings made pro se.").

Consequently, the Court STRIKES the Motion. [Doc. No. 28]. Counsel for Petitioner is directed to provide Petitioner with a copy of this Order.

IT IS SO ORDERED this 6th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE